J-S26044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TYWON D. BAKER | : | |
| Appellant | : | No. 10 MDA 2025 |

Appeal from the PCRA Order Entered December 9, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002036-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TYWON D. BAKER | : | |
| Appellant | : | No. 11 MDA 2025 |

Appeal from the PCRA Order Entered December 9, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002041-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TYWON D. BAKER | : | |
| Appellant | : | No. 12 MDA 2025 |

Appeal from the PCRA Order Entered December 9, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002053-2007

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED OCTOBER 14, 2025**

Tywon D. Baker ("Baker") appeals pro se from the order entered by the Dauphin County Court of Common Pleas dismissing his serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Baker filed an untimely PCRA petition and failed to establish an exception to the statutory time bar, we affirm.

On June 23, 2008, Baker entered a negotiated guilty plea to several charges, including third-degree murder and aggravated assault, based upon his involvement in the shooting death of Sean Hernandez ("Hernandez") and shooting at police officers during a standoff. The trial court accepted the plea, and that same day, sentenced Baker to the agreed-upon sentence of thirty to sixty years in prison. Baker did not file a direct appeal.

On May 26, 2009, Baker filed a timely PCRA petition, alleging that his plea counsel was ineffective and seeking the reinstatement of his direct appeal rights. The PCRA court denied the petition on June 22, 2010. This Court affirmed. *See Commonwealth v. Baker*, 2100 MDA 2010 (Pa. Super. Sept. 14, 2012) (non-precedential decision). Over the course of approximately the next decade, Baker filed additional PCRA petitions and a petition for writ of habeas corpus, none of which merited any relief. *See* PCRA Petitions, 11/26/2010, 3/3/2016, 10/12/2018; *see also Commonwealth v. Baker*,

_____

[1] 42 Pa.C.S. §§ 9541-9546.

242 A.3d 406, 2020 WL 6608872 (Pa. Super. Nov. 12, 2020) (non-precedential decision).

On December 7, 2023, Baker filed the instant PCRA petition, invoking, inter alia, the newly-discovered facts and governmental interference exceptions to the PCRA's time bar, based upon the Commonwealth's alleged withholding of evidence of gunshot residue found on Hernandez's palm. Baker asserted that his plea was unknowingly entered because he did not have this information.

The PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Baker filed a response to the Rule 907 notice. Ultimately, the PCRA court dismissed the petition. Baker filed a timely appeal.

On appeal, Baker presents the following issues for our review:

1. Did the PCRA court commit legal error where [Baker] has alleged and proven the Commonwealth engaged in gamesmanship with regards to its last-minute discovery disclosure of material evidence of [Baker's] actual innocence of third-degree murder, despite retaining knowledge of said evidence's existence for well over a year, constituting a **Brady**[2] violation that infringed upon a criminal defendant's right to make a knowing and intelligent decision relating to the entrance of a guilty plea?

2. Did the PCRA court commit legal error where it misapprehended the requirements for relief with regards to the newly-discovered facts exception to the PCRA timeliness requirements and the newly-discovered evidence exception?

_____

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

3. Did the PCRA court commit legal error where it imposed an additional criteria of proving trial counsel's ineffective stewardship upon [Baker] in order to meet the newly-discovered facts exception to the PCRA's timeliness requirements?

Baker's Brief at 4 (some capitalization omitted).

Before we assess the merits of Baker's claims, we must answer the threshold question of whether the petition was filed timely or, alternatively, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d at 994 (noting "the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). The timeliness of a PCRA petition is a question of law for which our standard of review is de novo and our scope of review is plenary. *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014).

The PCRA sets forth the following guidelines governing the timeliness of any PCRA petition:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Additionally, the petitioner must file a petition invoking one of the exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Baker's judgment of sentence became final on July 23, 2008, after the time to file a direct appeal expired. *See* Pa.R.A.P. 903(a). Therefore, a timely PCRA petition must have been filed on or before July 23, 2009. The present PCRA petition, filed on December 7, 2023, is facially untimely.

Baker attempts to invoke the newly-discovered facts and governmental interference exceptions to the time bar. Baker's Brief at 7-19. He claims that the Commonwealth had a duty to disclose the gunshot residue found on Hernandez's person, contending it established Hernandez killed himself. *Id.* at 8-10, 11, 12, 16. According to Baker, he could not have knowingly pled

guilty without knowledge of this evidence. *Id.* at 10, 12. He did not receive the report indicating the presence of gunshot residue until December 6, 2022, but notes that the report was dated May 9, 2008, and the tested items were submitted on March 19, 2007. *Id.* at 12, 14; *see also id.* at 16, 17 (stating that he found an email between his plea counsel and a Commonwealth agent detailing the evidence on December 6, 2022). Baker acknowledges that the Commonwealth provided this evidence to his counsel on June 6, 2008, but argues that it did not disclose this evidence in a timely manner and that his plea counsel never provided him with this information. *Id.* at 13-15. He asserts that because it was the Commonwealth's obligation to provide this document in discovery, it was not his burden to uncover this evidence. *Id.* at 14-15, 17. Baker further rejects the PCRA court's finding that his plea counsel would have shared this information with him prior to the entry of the plea, asserting there is no evidence to support it. *Id.* at 15.

Based upon our review of the record, we conclude that the government did not interfere with Baker's failure to previously raise a claim concerning the residue found on Hernandez previously. *See* 42 Pa.C.S. § 9545(b)(1)(i).

> Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.

*Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted). "In order for a defendant to establish the existence of a *Brady*

violation, he must establish that there has been a suppression by the prosecution of either exculpatory or impeachment evidence that was favorable to the accused, and that the omission of such evidence prejudiced the defendant." ***Commonwealth v. Morris***, 822 A.2d 684, 696 (Pa. 2003) (citation omitted).

As Baker recognizes, the Commonwealth provided the report at issue, which was received by his counsel on June 6, 2008, before he entered his guilty plea. ***See*** Baker's Brief at 13-15. Thus, there was no ***Brady*** violation, and Baker makes no claim that the government providing the document in question to counsel prior to his plea in anyway interfered with his ability to bring his substantive claim concerning the validity of his plea sooner.

Further, assuming the information regarding the residue found on Hernandez constitutes a newly discovered fact, neither Baker's pleadings nor the record supports a finding that he was unable to obtain it sooner through the exercise of due diligence. PCRA petitioners must "perform due diligence to discover the facts upon which their claim is predicated." ***Commonwealth v. Myers***, 303 A.3d 118, 123 (Pa. Super. 2023) (citation omitted). Although due diligence does not require "perfect vigilance nor punctilious care," a petitioner must establish that he made "reasonable efforts …, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Smith***, 194 A.3d 126, 134 (Pa. Super. 2018) (citation omitted).

As noted above, Baker has filed numerous PCRA petitions over the last fifteen years. As far back as 2009, Baker raised claims based upon, inter alia, ineffective assistance of counsel for failing to conduct a proper investigation of the case, failing to file a motion to modify Baker's sentence, and failing to ensure Baker's mental competency to enter a guilty plea. *See* PCRA Petition, 5/26/2009. Baker unquestionably could have contacted his plea counsel to obtain his file to effectuate these filings, at which point he would have learned of the information contained in the document in question and that plea counsel had obtained it prior to Baker pleading guilty. He gives no explanation as to why he failed to do so.

Finally, Baker takes issue with the PCRA court's finding that Baker's claim he was unaware of the existence of the report despite it being included in discovery "would be more appropriately argued as an ineffective assistance of counsel claim." PCRA Court Opinion, 2/28/2025, at 5 (unnumbered); *see* Baker's Brief at 16, 18-19. Baker argues that the PCRA court should have addressed the claim under the newly-discovered fact exception, and upon a finding that he properly invoked the exception, address plea counsel's ineffectiveness for failing to provide the report to Baker. Baker's Brief at 18. As noted above, however, Baker did not satisfy the newly-discovered fact exception by failing to establish that he could not have learned of the existence of the gunshot residue report, and plea counsel's possession thereof, sooner through the exercise of due diligence. To the extent Baker seeks to have us

decide his claim of ineffective assistance of counsel, it is well-settled law that "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).

Because Baker's PCRA petition is facially untimely, and he failed to establish any of the exceptions to the PCRA time bar, the PCRA court did not have jurisdiction to entertain his petition. We likewise lack jurisdiction to consider the claims he raises on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/14/2025